## STATE v. CLARENCE N. PERRY.

(Filed 19 December 1963.)

**Criminal Law §§ 85, 101—**

> The fact that defendant's confession introduced in evidence by the State contains exculpatory statements does not justify nonsuit when the State introduces substantive evidence in contradiction of the exculpatory matter.

APPEAL by defendant from *Fountain, J.,* May Criminal Session 1963 of ALAMANCE.

---

---

At the May Term 1962 of the Superior Court of Alamance County, the Grand Jury returned two bills of indictment against the defendant, one charging that the defendant wilfully and maliciously damaged the residence of one Thomas Oakley by the use of an explosive, and the other charging he wilfully and maliciously injured Rosemond Perry, his wife, and damaged her residence by the use of an explosive.

The defendant was tried and convicted on these bills of indictment, without the benefit of counsel, at the May Term 1962 of the Superior Court of the aforesaid county.

As the result of a post conviction hearing, the defendant was granted a new trial with court appointed counsel. He was again tried and convicted on the original bills of indictment at the May Criminal Session 1963 of the Superior Court of said county.

The cases were consolidated for trial and judgment. From the judgment imposed, the defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Ralph Moody for the State.*

*W. C. Bumgarner for defendant.*

PER CURIAM.    The defendant contends that the State's evidence was insufficient to sustain the verdicts rendered below, and that his motion for judgment as of nonsuit made at the close of all the evidence should have been sustained.

The defendant relies upon the fact that the State used his confession as made to a police officer in Burlington, North Carolina. This confession was to the effect that he took two sticks of dynamite and capped and fused them; that he took this dynamite from his brother's home near Spring Hope, North Carolina, where he was living; that he got his nephew to take him to 1027 Rainey Street in Burlington, where his wife and children lived, on 13 April 1962; that "he lit the fuse, took the dynamite and threw it underhanded up beside the house." The defendant further stated, according to the testimony of the police officer, that "he had no intention of hurting his children."

The evidence tends to show that the home in which defendant's wife and children lived and the room in which they were asleep at the time, were substantially damaged and the wife was seriously injured. Likewise, the Oakley home located nearby was damaged.

The fact that a confession contains exculpatory statements does not justify a nonsuit when the State introduces substantive evidence in contradiction of such exculpatory declarations. *S. v. Tolbert,* 240 N.C. 445, 82 S.E. 2d 201.

In our opinion, the State's evidence was sufficient to withstand the motion for judgment as of nonsuit and to support the verdicts rendered.

The ruling below is

Affirmed.